UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY HERBERS,

       Plaintiff,                       CIVIL ACTION NO. 10-15035

    v.                               DISTRICT JUDGE JULIAN ABELE COOK

COMMISSIONER OF              MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

### REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE

#### I. RECOMMENDATION

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

#### II. REPORT

*A. Introduction*

By order of U.S. District Judge Julian Abele Cook, this case was referred to the undersigned Magistrate Judge for general case management on December 17, 2010 (Dkt. No. 3). Pursuant to the Scheduling Order (Dkt. No. 8), Plaintiff's motion and brief in support of her motion for summary judgment were due on or before May 16, 2011. Since no motion was filed by the deadline, on June 29, 2011, an Order to Show Cause was entered notifying Plaintiff that if she did not file a motion for summary judgment and brief by July 14, 2011, the Court would issue a Report and Recommendation that the case be dismissed with prejudice under Rule 41(b) of the Federal Rules

of Civil Procedure (Dkt. No. 10). To date, no motion or brief has been filed by Plaintiff. Defendant, however, did file a timely motion for summary judgment (Dkt. No. 13).

### B. Discussion

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims.... On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff's motion for summary judgment was originally due on May 16, 2011. That deadline was extended to July 14, 2011. Despite this nearly two-month extension, Plaintiff has still failed to file a dispositive motion. In addition, Plaintiff was specifically warned that the case may be dismissed should she fail to file a motion for summary judgment and brief by July 14, 2011 (Dkt. No. 10). I therefore suggest that Defendant should not be further prejudiced by Plaintiff's

failure to pursue her claims. This outcome is consistent with the prevailing practice throughout this circuit. *See, e.g.*, *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at * 1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at * 1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at * 1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)).

### *C. Conclusion*

Accordingly, because Plaintiff has failed to comply with the Court's Scheduling Order even after a generous extension of time and a specific warning that failure to do so could result in the dismissal of her case, I conclude that Plaintiff has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner. As a result, I suggest that this case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Mark A. Randon
                              Mark A. Randon
                              United States Magistrate Judge

Dated:  October 4, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 4, 2011, electronically.*

                              *s/Melody R. Miles*
                              *Case Manager to Magistrate Judge Mark A. Randon*
                              *(313) 234-5542*